UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BERKLEE COLLEGE OF MUSIC, INC., | * | |
| Plaintiff, | * | |
| | * | Civil Action No. 09-cv-11627-JLT |
| v. | * | |
| MUSIC INDUSTRY EDUCATORS, INC., and JOHN TERRELL, | * | |
| Defendants. | * | |

MEMORANDUM

August 4, 2010

TAURO, J.

I.  Introduction

This action arises out of allegations that Defendants' websites contain material which infringes upon copyrights and trademarks owned by Plaintiff. Plaintiff brings suit for copyright infringement, unfair competition, trademark infringement, and deceptive trade practices. Presently at issue is Defendants' Motion to Dismiss the Amended Complaint [#13]. For the following reasons, Defendants' Motion to Dismiss the Amended Complaint is DENIED.

II.  Background[1]

Plaintiff Berklee College of Music ("Berklee"), a Massachusetts corporation with its principal place of business in Massachusetts, is "one of the foremost education institutes for the

---

[1] This court sets forth the facts as presented in the Amended Complaint and other documents submitted to the court and construes them, as it must at this stage of the proceedings, in the light most favorable to Plaintiff. See Mass. Sch. of Law v. ABA, 142 F.3d 26, 34 (1st Cir. 1998).

study of music in the world."[2] Berklee's esteemed reputation stems from its long history of innovation and the success of its graduates.[3]

Berklee operates a website, www.berklee.edu, which provides information to current and potential students.[4]  Berklee also offers online educational courses in the study of music through another website, www.berkleemusic.com.[5]  The host and back-up servers for both websites (collectively, the "Berklee websites") are located in Massachusetts,[6] and both websites contain language expressly stating that Berklee is located in Boston, Massachusetts.[7]

The Berklee websites contain course descriptions for various music classes offered by Berklee ("Berklee Content") for which Berklee maintained a valid copyright since July 29, 2008.[8] These websites also display "Circle Marks" and a "Shield Mark" (collectively, the "Berklee Marks") which Berklee owns and used continuously and exclusively since 2004 and 1967, respectively.[9]  The only way to view the Berklee Content and Berklee Marks, with the exception

---

[2] Am. Compl. ¶ 6.

[3] Id.

[4] Green Decl., ¶ 5.  This court is considering evidence outside the complaint since "it is not enough for the plaintiff to rely on the bare allegations of the complaint" in defending against a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. Rule 12(b)(2).  Sheridan v. Ascutney Mt. Resort Servs., 925 F. Supp. 872, 875 (D. Mass. 1996).

[5] Id. ¶ 6.

[6] Id. ¶ 7.

[7] Id. ¶ 8.

[8] Am. Compl., ¶¶ 10-12.

[9] Am. Compl., ¶¶ 13-18.

of the "Shield Mark," was by accessing the Berklee websites.[10]

Defendant Music Industry Educators, Inc. ("MIE") is a Florida corporation with its principal place of business in Florida.[11]  MIE operates several websites[12] that offer online music courses with partner schools.[13]

In late June 2008,[14] Plaintiff alleges that multiple full paragraph sections of the Berklee Content appeared as MIE course descriptions on the MIE websites.[15]  In addition, according to Plaintiff, MIE's websites began using marks that are identical, or confusingly similar to the Berklee Marks.[16]

The MIE websites are continuously available to Massachusetts residents.[17]  Indeed, four individuals with Massachusetts addresses submitted email inquires to MIE through its websites. But, because MIE did not have the ability to arrange for the financial aid requested by these potential students, MIE did not respond.[18]

---

[10]Green Decl., ¶ 9.

[11]Terrell Decl., ¶ 7.

[12]MIE's first website appeared under the domain name musicindustryinstitute.com and later under the domain name musicindustryeducators.com.  MIE's partner schools each maintain their own websites under domain names that begin with www.mu-ed.com.  Terrell Decl., ¶¶ 29-30.

[13]Id. ¶ 13.

[14]Id. ¶ 12.

[15]Am. Compl., ¶¶ 33-39.

[16]Id. ¶ 24.

[17]Pl.'s Opp'n Defs.' Mot. Dismiss, 11.

[18]Terrell Decl., ¶ 32.

The host server for the MIE websites is located in Florida and the back-up server is located in Illinois.[19] MIE's only two employees other than Defendant John Terrell, the company's president, were involved solely with audio file transcription and solely with curricula development, respectively, and neither are Massachusetts residents.[20] MIE faculty members who teach online classes for MIE are independent contractors for the corporation who reside in various locations in the United States.[21]

John Terrell, a Florida resident, is the majority owner, corporate officer, and president of MIE.[22] Terrell's Florida address is listed as MIE's principal place of business.[23] The registration for MIE's primary domain name, musicindustryeducators.com, also lists Terrell's Florida address.[24] Terrell is identified as the Technical and Administrative contact for that domain.[25]

In September 2009, Plaintiff filed suit for copyright infringement, unfair competition, trademark infringement, and deceptive trade practices under M.G.L. c. 93A. Defendants then moved to dismiss this action for lack of personal jurisdiction and improper venue. Defendants also seek to dismiss the 93A claim on a theory of federal law preemption and failure to allege with particularity that the wrongful conduct primarily and substantially occurred in Massachusetts.

---

[19] Id. ¶ 10.

[20] Id. ¶ 11.  Luis Brignoni resides in Florida, and Naomi Terrell is an Alabama resident.

[21] Terrell Decl., 15.

[22] Id. ¶¶ 3-5.

[23] Green Decl., ¶ 16.

[24] Id. ¶ 17.

[25] Id.

III. Discussion

    A. Personal Jurisdiction

        1. Standard of Review

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. Rule 12(b)(2), Plaintiff ultimately bears the burden of establishing jurisdiction.[26] "Plaintiffs may not rely on unsupported allegations in their pleadings, but are obliged to adduce evidence of specific facts" sufficient to justify the exercise of jurisdiction over the named defendants, including evidence outside the complaint.[27] In turn, the court will accept those "specific facts affirmatively alleged by the plaintiffs as true (whether or not disputed) and construe them in the light most congenial to the plaintiff's jurisdictional claim."[28] The court will also "add to the mix facts put forward by the defendants, to the extent that they are uncontradicted."[29]

        2. Defendant MIE

A federal court, sitting in diversity, may only exercise jurisdiction over a defendant when the requirements of both the forum's long arm statute and the Constitution are satisfied.[30] This court "may sidestep the statutory inquiry and proceed directly to the constitutional analysis, however, because the Supreme Judicial Court has interpreted the state's long-arm statute 'as an

---

[26] See Boit v. Gar-Tec Prods., Inc., 967 F.2d 671, 675 (1st Cir. 1992) (internal citations omitted).

[27] Platten v. HG Berm. Exempted Ltd., 437 F.3d 118, 134 (1st Cir. 2006) (internal quotations omitted).

[28] Id. (quoting Mass. Sch. of Law, 142 F.2d at 34).

[29] Id.

[30] Lyle Richards Int'l Ltd. v. Ashworth, Inc., 132 F.3d 111, 112 (1st Cir. 1997).

5

assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States.'"[31]

The relevant inquiry in this case, therefore, is whether a Massachusetts court may exercise personal jurisdiction over Defendants consistent with constitutional due process. Specifically, the Constitution requires that Defendants have sufficient minimum contacts with Massachusetts "such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'"[32] Where, as here, Plaintiff has not alleged that Defendants engaged in a course of continuous and systematic activity in the forum state that would allow the court to exercise general jurisdiction over them, the tenability of Plaintiff's claims depends on the presence or absence of specific jurisdiction.[33]

Specific jurisdiction exists only where the "cause of action arises directly out of, or relates to, the defendants' forum-based contacts."[34] This, in turn, is a distinctly fact-based inquiry into whether a defendant's in-state conduct forms an "'important, or material element of proof' in the plaintiff's case."[35] The First Circuit has developed a tripartite test for the ascertainment of specific

---

[31] Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 52 (1st Cir. 2002) (quoting Automatic Sprinkler Corp. of Am. v. Seneca Foods Corp., 361 Mass. 441, 443 (1972)).

[32] Platten, 437 F.3d at 135 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

[33] See United Elec., Radio & Mach. Workers v. 163 Pleasant St. Corp., 960 F.2d 1080, 1088 (1st Cir. 1992).

[34] Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984)).

[35] Id. at 1089 (quoting Marino v. Hyatt Corp., 793 F.2d 427, 430 (1st Cir. 1986)).

jurisdiction, requiring that a plaintiff adduce evidence demonstrating that (1) the underlying claim arises out of, or is related to, a defendant's forum-state activities, (2) a defendant's in-state contacts represent a purposeful availment of the privilege of conducting activities in the state, thereby making a defendant's involuntary presence before the state's courts foreseeable, and (3) the exercise of jurisdiction is reasonable, in light of certain Gestalt factors.[36]

This court finds that specific jurisdiction exists as to MIE because the alleged infringing information was taken from a website located in Massachusetts, the infringing material was later transmitted back into Massachusetts, and these actions were almost certain to cause tortious injury in Massachusetts.[37] As in Venture Tape Corp. v. McGills Glass Warehouse, where the court found that the defendant's "alleged misuse of trademarks belonging to a Massachusetts company is enough to constitute minimum contacts for the purposes of establishing personal jurisdiction,"[38] MIE's alleged actions satisfy the minimum contacts test here.

### a. Relatedness

To begin, it is clear that the underlying claim is related to MIE's forum-state activities. The alleged infringing material was taken from Berklee's websites in Massachusetts. Also, since "injury from trademark infringement occurs within the forum in which the trademark owner is located,"[39] MIE's alleged infringement caused injury in Massachusetts by harming Berklee, a Massachusetts corporation and owner of the material in question.

---

[36] Id. at 1089.

[37] Pl.'s Opp'n Defs.' Mot. Dismiss, 10.

[38] 292 F. Supp. 2d 230, 233 (D. Mass. 2003).

[39] Pl.'s Opp'n Defs.' Mot. Dismiss, 10 (citing Venture Tape, 292 F. Supp. 2d at 232).

Furthermore, it is well-established that the relatedness prong is satisfied when, as is asserted here, the alleged wrong arises out of the publication of a website "continuously available to Massachusetts residents and causing tortious injury in Massachusetts."[40] MIE received four emails from Massachusetts residents. MIE does not aver that it prohibited access and use by Massachusetts residents.[41] Taken together, these allegations satisfy the relatedness requirement of the specific jurisdiction test.

        b.      Purposeful Availment

It is also clear that Defendants purposefully availed themselves of the privilege of doing business in Massachusetts. The "threshold of purposeful availment is lower" when "the case involves torts that create causes of action in a forum state (even torts caused by acts done elsewhere)" because "the defendant's purpose may be said to be the targeting of the forum state and its residents."[42] Here, MIE "targeted" Berklee by taking content and marks directly from its websites without permission. MIE then transmitted its own content via its websites back into Massachusetts. These allegations indicate that Defendants could foresee being haled into court in

---

[40] Hasbro, Inc. v. Clue Computing, Inc., 994 F. Supp. 34, 44 (D. Mass. 1997); see, e.g., Northern Light Tech. v. Northern Lights Club, 97 F. Supp. 2d 96, 106 (D. Mass. 2000); Gather Inc. v. Gatheroo, LLC et al., 443 F. Supp. 2d 108, 115 (D. Mass. 2006).

[41] The importance of this key fact is illustrated by the analysis in Gather, 443 F. Supp. 2d at 117-18. The court in Gather asserts jurisdiction over the defendant by distinguishing the facts before the court, where the defendant's website made no specific prohibition against use by residents of particular states or particular request that his website only be used by residents of specific states, from the facts in JB Oxford Holdings, Inc. v. Net Trade, Inc., 76 F. Supp. 2d 1363 (S.D. Fla. 1999), where purposeful availment could not be found because the defendant specifically directed the activity of his website at certain states which did not include the forum state at issue.

[42] Venture Tape, 292 F. Supp. 2d at 232 (citing Digital Equip. Corp. v. Altavista Tech., Inc., 960 F. Supp. 456, 469 (D. Mass. 1997)).

8

Massachusetts in an action like this one.

        c.        <u>Reasonableness</u>

In judging the reasonableness of asserting personal jurisdiction, the First Circuit considers five <u>Gestalt</u> factors: (1) the defendant's burden in appearing in court; (2) the forum state's interest in hearing the suit; (3) the plaintiff's convenience and interest in effective relief; (4) the judicial system's interest in obtaining the most effective resolution of the controversy; and (5) the common interests of all interested states in promoting substantive social policies.[43]

The weight of the <u>Gestalt</u> factors strongly supports a finding of personal jurisdiction over MIE. First, this court need not give much consideration to MIE's burden of appearing in court in Massachusetts since MIE, through its alleged tortious conduct, knowingly assumed the risk of being required to do so.[44] It is not unreasonable to impose a burden so voluntarily assumed.

Second, Massachusetts has an interest in protecting copyrights and trademarks belonging to corporations within the Commonwealth and in "obtaining jurisdiction over a defendant who causes tortious injury within its borders."[45] Since Berklee is located and was injured in Massachusetts, the forum state has a strong interest in obtaining jurisdiction over this action.

Third, Berklee's convenience and interest in effective relief would be best served by litigation in this forum since its "witnesses, executives, website servers, and employees are all

---

[43] <u>Northern Light</u>, 97 F. Supp. 2d at 107 (citing <u>Hasbro</u>, 994 F. Supp. at 45).

[44] "When one does something that could cause a tort in another state, then [the inconvenience of travel] should be considered by potential foreign defendants before they act." <u>Digital</u>, 960 F. Supp. at 471.

[45] <u>Id.</u>

located in Massachusetts."[46]

Fourth, litigation in a forum where Plaintiff may readily access resources necessary to efficiently conclude the matter and bring those who misuse intellectual property to justice serves the interest of the judicial system in obtaining the most effective resolution of the controversy.

Finally, the common interests of all interested states in promoting substantive social policies are served by litigation in Massachusetts. Requiring alleged infringers such as MIE to bear the burden of traveling to a forum in which their voluntary actions have caused foreseeable injury encourages them to consider this burden before they act. Truly, "it would be wholly unfair to allow Defendants to cause such harm in the Commonwealth of Massachusetts, while allowing them to avoid litigation in this Commonwealth, arising from this very same harm."[47]

For the reasons detailed above, this court finds that personal jurisdiction exists as to MIE.

### 3. Defendant Terrell

In Marks v. Polaroid Corporation, the First Circuit held that a corporate officer may be subject to personal jurisdiction based on the infringing acts of his employer if he is a "moving, active, conscious force behind the infringement."[48]

It is clear to this court that Defendant Terrell is the force behind the alleged infringement in this case. Terrell founded MIE and was its sole corporate officer. His home address was listed as MIE's principal place of business. Today, Terrell remains president and sole corporate officer of MIE. The domain name for musicindustryeducators.com, one of the websites containing the

---

[46] Pl.'s Opp'n Defs.' Mot. Dismiss, 13.

[47] Pl.'s Opp'n Defs.' Mot. Dismiss, 14.

[48] Marks v. Polaroid Corp., 237 F.2d 428, 435 (1st Cir. 1956).

alleged infringing material, is also registered to Terrell's home address. Since the only other employees of MIE were two individuals no more than tangentially involved in the alleged scheme, the weight of responsibility for MIE's alleged infringing actions therefore appears to fall squarely on Terrell's shoulders. Accordingly, this court finds that extending specific personal jurisdiction to Terrell is proper.

B.     Venue[49]

This court finds that venue is proper as to both Defendants. Venue for trademark and unfair competition cases is governed by 28 U.S.C. § 1391(b), which provides that a "civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State...." The text of 28 U.S.C. § 1391(c) goes on to explain that, for the purposes of § 1391, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." Thus, because this court holds specific personal jurisdiction over MIE, venue is also proper as to MIE.[50]

Venue is also proper as to Defendant Terrell. "Courts have uniformly held that venue is proper whenever personal jurisdiction may be obtained under the applicable state long-arm statute

---

[49]The standard of review on a Fed. R. Civ. P. Rule 12(b)(3) motion "permits the court to consider facts outside the pleadings and does not require the court to accept the pleadings as true." Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324 (9th Cir. 1996). Once a defendant has raised the issue of venue through a motion to dismiss, the burden falls on the plaintiff to demonstrate that venue is proper. Cordis Corp. v. Cardiac Pacemakers, 599 F.2d 1085, 1086 (1st Cir. 1979).

[50]See Astro-Med, Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 11 (1st Cir. 2009).

thereby collapsing the two concepts into one."[51]  This concept applies to individuals as well as to corporations: "In a copyright action, the defendant, whether corporate or individual, may be found for purposes of venue wherever the defendant is amenable to personal jurisdiction."[52]  Accordingly, venue is also proper to Terrell as an individual defendant.

       C.       <u>The Deceptive Trade Practices (Chapter 93A) Claim</u>

Defendants move to dismiss the Chapter 93A deceptive trade practices claim under Fed. R. Civ. P. Rule 12(b)(6), arguing that the claim is preempted by federal law, and, alternatively, that Berklee failed to satisfy the particularity requirement for pleading by omitting a specific allegation that the wrongful conduct occurred primarily and substantially in Massachusetts.

Defendants allege, in vague terms, that Plaintiff's 93A claim is preempted by federal law. This court construes Defendants to be arguing that this claim is subject to "field" preemption.

Field preemption arises when Congress intends for federal law to "occupy the field" of regulation and for state law to not operate in that same field.[53]  Defendants argue that Berklee's deceptive trade practices claim is subject to field preemption because it is grounded in allegations of copyright infringement, an area of exclusive federal regulation.  Plaintiff, however, counters that since the 93A claim is actually based on both copyright infringement and trademark infringement, it is not preempted.

As Plaintiff argues, field preemption is not an appropriate grounds for dismissal of its 93A claim.  Plaintiff's copyright allegations, which underlie the Chapter 93A claim, are not preempted

---

[51] 5 Patry on Copyright § 17:205.

[52] 18 Am. Jur. 2d Copyright and Literary Property § 211.

[53] <u>Attrezzi, LLC v. Maytag Corp.</u>, 436 F.3d 32, 41 (1st Cir. 2006).

by federal law in this case.  Although copyright claims are generally subject to field preemption,[54] preemption is not appropriate if the Chapter 93A claim is based both on copyright infringement and an "extra element, something more than, and indeed different from, copyright infringement."[55] Since Plaintiff's 93A claim is based in part on allegations of trademark infringement under the Lanham Act, and "it is settled that the Lanham Act does not in general preclude state unfair competition statutes from operating,"[56] the claim is not preempted.[57]

Defendants also argue that the Amended Complaint does not meet the requisite pleading standards.  Under Fed. R. Civ. P. Rule 12(b)(6), it is incumbent upon the court to "accept the complaint's allegations as true, indulging all reasonable inferences in favor of [the plaintiff]."[58] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."[59]  "In alleging fraud or mistake," however, plaintiff must "state with particularity the circumstances constituting fraud or

---

[54]See, e.g., Jalbert v. Grautski, 554 F. Supp. 2d 57, 75 (D. Mass. 2008).

[55]Patricia Kennedy & Co., Inc. v. Zam-Cul Enterprises, Inc., 830 F. Supp. 53, 57 (D. Mass. 1993).

[56]Id.

[57]Defendants protest that trademark infringement is not "qualitatively different" enough from copyright infringement to serve as this requisite "extra element," but considering the distinction made by courts between copyright claims, which invoke field preemption, and trademark claims, which do not invoke field preemption, as well as the fact that separate bodies of law govern the two concepts, this court must disagree and find that alleging trademark infringement in addition to copyright infringement does indeed add the extra, qualitatively different element required to avoid field preemption of this claim.

[58]Kiely v. Raytheon Co., 105 F.3d 734, 735 (1st Cir. 1997); Hogan v. Eastern Enters./Boston Gas, 165 F. Supp. 2d 55, 57 (D. Mass. 2001).

[59]Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

mistake."[60] Plaintiff's Amended Complaint easily meets the particularity requirement for alleging fraud, as it specifies the particular content and marks allegedly misappropriated by the Defendants, indicates which websites contain the unauthorized material, and includes screen shots of Berklee Content and Berklee Marks appearing on Defendants' websites.

The Amended Complaint also satisfactorily alleges the elements of a claim under M.G.L. c. 93A § 11,[61] including that the wrongful conduct occurred "primarily and substantially" in Massachusetts. Due to the fact-finding process necessarily involved in evaluating the issue, "this particular ground for challenging a c. 93A claim--absent some extraordinary pleading concession by a claimant--cannot be resolved on Rule 12 motions."[62] Indeed, despite Defendants' contentions, this issue is an "affirmative defense"[63] to be decided "on the basis of factual findings"[64] which are not appropriately made at the pleading stage.[65] No extraordinary concession has been made by Plaintiff in this case.[66] As Plaintiff acted and continues to act on the wrongful

---

[60]Fed. R. Civ. Proc. Rule 9(b).

[61]M.G.L. c. 93A, § 11 ("No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth.").

[62]Bliss Valley Props., LLC v. Eliopulos, 291 Mass. Super. LEXIS 1, 17 (2005).

[63]Stoneridge Control Devices, Inc. v. Teleflex, Inc., 17 Mass. L. Rep. 335 (2004).

[64]Workgroup Tech. Corp. v. MGM Grand Hotel, LLC, 246 F. Supp. 2d 102, 118 (D. Mass. 2003).

[65]The burden of proving that the wrongful conduct did not occur primarily and substantially in Massachusetts falls on the Defendants. See M.G.L. c. 93A, § 11.

[66]Compare Picker Int'l v. Leavitt, 865 F. Supp. 951, 971 (D. Mass. 1994) (allowing summary judgment dismissal of a 93A claim where "virtually all of [defendant's] purported misconduct, and any harm to [plaintiff], occurred outside of Massachusetts"), with Celanese Corp. v. Onebeacon Am. Ins. Co., 463 Mass. Super. LEXIS 1, 31 (2008) (denying summary

conduct in Massachusetts by working to maintain and build its reputation and Plaintiff sustained and continues to sustain losses caused by the wrongful conduct in Massachusetts,[67] at the very least factual issues remain as to where the conduct primarily and substantially occurred. Dismissal of the 93A claim is therefore inappropriate for that reason.

VI.   Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Amended Complaint is DENIED.

AN ORDER HAS ISSUED.

　　　　　　　　　　　　　　　　　　　　　　/s/  Joseph L. Tauro
　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

judgment dismissal of a 93A claim because "genuine issues of material fact remained").

[67]The First Circuit's three-part test for determining where wrongful conduct occurred primarily and substantially considers: 1) where the defendant commits the unfair or deceptive act, 2) where the plaintiff receives or acts on the wrongful conduct and 3) where the plaintiff sustains losses caused by the wrongful conduct. Play Time, Inc. v. LDDS Mteromedia Communications, Inc., 123 F.3d 23, 33 (1st Cir. 1997).